CLIFFORD F. MACK and HELEN L. MACK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mack v. Commissioner
Docket No. 6586-70.
United States Tax Court
T.C. Memo 1973-233; 1973 Tax Ct. Memo LEXIS 53; 32 T.C.M. (CCH) 1096; T.C.M. (RIA) 73233; October 23, 1973, Filed *53 Clifford F. Mack, pro se. James C. Lynch, for the respondent. TIETJENS
MEMORANDUM FINDINGS OF FACT AND OPINION TIETJENS, Judge: The Commissioner determined a deficiency of $1,835.87 in petitioners' income tax for 1967. The Commissioner has made certain concessions. The questions remaining for decision are: (1) whether certain deposits to petitioners' bank account represented income not reported on their 1967 Federal income tax return; and (2) whether petitioners realized a gain of $127.16 on the sale of stock in 1967. 2 FINDINGS OF FACT Petitioners, Clifford F. Mack (hereafter Clifford) and Helen L. Mack (hereafter Helen), are husband and wife and resided in Dearborn Heights, Michigan, at the time they filed their petition in this proceeding. On their joint Federal income tax return for 1967, the petitioners reported gross income of $3,246. That gross income represented the profits from petitioners' beauty shop business, which, according to the return, had gross receipts of $5,795. The petitioners made the following deposits to their joint checking account: 1967
Amount January 17
$ 178.54
February 25
460.00
March 4
1,050.00
April 21
3,394.02
July 5
1,000.00
August 15
1,000.00
September 6
909.20
September 25
400.00
Total
$8,391.76
*54 None of these deposits represented income from the beauty shop business. In 1967, petitioners sold 748 shares of stock in Investment Company of America for $10,127.92, or $13,54 per share, 3 and received a check payable to Helen for that amount. Their cost basis of those shares was $10,000.76 or $13.37 per share. On March 17, 1967, Clifford cashed the check for $10,127.92 and, at his request, received a $10,000 bill. OPINION Bank Deposits The Commissioner determined that the bank deposits represented taxable income not reported by petitioners on their 1967 tax return. Unexplained deposits may furnish the basis for such a determination. Henry M. Rodney, 53 T.C. 287, 315 (1969). The Commissioner has no obligation to attribute the deposits to identifiable sources. Goe v. Commissioner, 198 F.2d 851 (C.A. 3, 1952), affirming a Memorandum Opinion of this Court, certiorari denied 344 U.S. 897 (1952). When the Commissioner has determined that deposits represent taxable income, the taxpayer has the burden of proving, by evidence of the nature of the deposits, that the Commissioner's determination was erroneous. Henry M. Rodney, supra at 315; *55 Thomas B. Jones, 29 T.C. 601, 614 (1957); and O'Dwyer v. Commissioner, 266 F.2d 575 (C.A. 4, 1959), affirming 28 T.C. 698 (1957), certiorari denied 361 U.S. 862 (1959). 4 Petitioners introduced no evidence and no testimony other than Clifford's on this issue. Clifford testified that, in March 1967, he received a $10,000 bill when he cashed the check representing the proceeds of the sale of stock in Investment Company of America. He testified that he asked for a $10,000 bill because such a bill was "the easiest way to keep" the money. He testified that, to cover living expenses, he redeposited portions of the $10,000 from time to time. Clifford's testimony does not convince us that the proceeds from the sale of stock were the source of the deposits. We note that petitioners deposited more than $1,600 before they cashed the check and received the $10,000 bill.Several of the deposit slips indicate that checks, not cash, were deposited. Petitioners did not explain why a $10,000 bill was the easiest way to keep money when they had to use some of the $10,000 within a month of their receipt of the bill. Nor have they explained *56 their reasons for keeping cash when they had to deposit portions of it in a checking account to meet expenses. Because petitioners have not presented any reasonable explanation as to the sources of the deposits, they have not 5 met their burden of proving that the deposits did not represent taxable income. O'Dwyer v. Commissioner, supra at 588. Sale of Stock The Commissioner originally determined that petitioners realized a $3,395.92 gain on the sale of stock in Investment Company of America. His determination was based on an estimated basis. Before trial, petitioners asked the Comissioner to contact their broker, from whom the Commissioner learned that the stock had a $10,000.76 cost basis. Accordingly, the Commissioner has conceded all but $127.16 of the $3,395.92. Having asked the Commissioner to contact their broker, petitioners offered no coherent testimony on the amount of gain realized on the sale of the stock. Clifford testified that, in 1965 he received $250 in dividends, which he reported in 1966 and which he used to purchase more stock. But he also said, "I had the stock for two years and I filed $200 and some dollars income for it which I *57 never took out in more stock, and then when I sold it all I got was $10,127.00 for the whole works." Clifford also testified as follows: "All I gained on it [the sale] was $127.00." We are not certain whether Clifford's testimony represents a concession of the issue. We are certain that it is 6 not sufficient to meet the petitioners' burden of proving erroneous the Commissioner's determination, especially in view of the substantial concession which the Commissioenr has made. Decision will be entered under Rule 50.